Peter L. Haviland (State Bar No. 144967)
Scott S. Humphreys (State Bar No. 298021)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350
havilandp@ballardspahr.com
humphreyss@ballardspahr.com

Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | Case No. 3:15-cv-04209 |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| DRIVEWAY SOFTWARE CORPORATION, a Delaware Corporation; JAKE DINER a/k/a YAKOV DINER, an individual; IGOR KATSMAN, an individual; and DOES 1 through 20, inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Allstate Insurance Company ("Allstate") brings this action for trademark infringement against Driveway Software Corporation ("DSC") and its principals.  DSC and DSC officers Jake Diner a/k/a Yakov Diner and Igor Katsman ("Defendants") have brazenly infringed Allstate's federally registered DRIVEWISE® mark, using a name Diner and Katsman intentionally copied from DRIVEWISE® -- "drivewise.ly" -- to market DSC's competing goods and services.

DSC's trademark application to register the "drivewise.ly" name has been rejected twice by the U.S. Patent and Trademark Office ("PTO") for the obvious reason that "drivewise.ly" is confusingly similar to DRIVEWISE®.  But Defendants have disregarded the PTO's findings and ignored Allstate's objections to their continuing infringement.

Allstate accordingly seeks an order from this Court that Defendants: (i) Be enjoined from further use of the "drivewise.ly" name or other infringement of Allstate's DRIVEWISE® mark; (ii) Disgorge all profits gained from their use of the name "drivewise.ly"; (iii) Terminate their trademark application for "drivewise.ly"; and (iv) Pay Allstate treble damages and attorneys' fees.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and pursuant to 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction vests because at all relevant times Defendants have been doing business in this judicial district; have engaged in wrongful acts causing injury to Plaintiff in the State of California; and because Defendants are citizens of this State and reside in this judicial district.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

**INTRADISTRICT ASSIGNMENT**

3. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

**PARTIES**

4. Plaintiff Allstate is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois.

5. Defendant DSC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1730 South Amphlett Blvd., Suite 205, San Mateo, California. DSC is a small, closely-held corporation controlled entirely or in substantial part by Defendants Diner and Katsman, who serve as DSC's primary executive officers and directors.

6. Defendants Jake Diner a/k/a Yakov Diner ("Diner") and Igor Katsman ("Katsman") are the co-founders of DSC. Katsman is currently the chief executive officer of DSC; Diner is a Senior Advisor and a director of DSC and was, until recently, the chief executive officer of DSC. Diner and Katsman are both citizens of California and reside in the County of San Mateo.

7. Defendants have received substantial investments to promote their infringing activities. On information and belief, angel investor Gigi Levy-Weiss provided an initial

$325,000 investment, and the venture capital firms Altair Capital, IMI VC, and Kernel Capital, of which DSC's Vice President of Business Development and Operations Roman Glukhovsky is vice president, provided another $1.3 million in seed capital. On information and belief, Ervington Investments has also invested approximately $10 million. Allstate will amend this Complaint to name these investors as defendants if discovery confirms that these investors knew or should have known that Defendants' use of "drivewise.ly" has infringed and continues to infringe on Allstate's DRIVEWISE® trademark.

8. Does 1 through 20 are persons and/or entities whose true names and capacities are unknown to Plaintiff and who participated in, conspired with, and/or caused Defendants to infringe Allstate's trademark rights as alleged herein and who are otherwise responsible and liable to Allstate for the wrongful acts alleged herein. Allstate will amend this Complaint to allege the true names and capacities of said defendants as soon as they become known.

## FACTUAL ALLEGATIONS

9. Allstate is the largest publicly held personal lines insurer in the United States. Allstate is widely known and respected for providing myriad insurance services under its "good hands" marks, including auto, home and life.

10. Allstate owns all rights in the federally-registered trademark DRIVEWISE® in its registered international classifications 9 and 36. Allstate uses the DRIVEWISE® mark in connection with wireless telematics devices and mobile applications that monitor a user's driving behavior and give drivers the opportunity to save money on insurance premiums. Allstate filed a federal trademark application for its mark on May 26, 2010. The PTO issued the registration on April 12, 2011 (Registration No. 3946209). A true and correct copy of the federal registration certificate is attached hereto as Exhibit 1.

11. Since registering the DRIVEWISE® mark, Allstate has continued to expend substantial effort and expense, including spending millions of dollars on advertising, to promote and expand its goods and services associated with the DRIVEWISE® mark. These goods and services include mobile applications.

12. Allstate's efforts have been fruitful. The DRIVEWISE® mark is now associated with Allstate and has come to be favorably recognized as an indicator of the origin of Allstate's services and goods. As of August 2015, approximately 850,000 current customers use the goods and services associated with Allstate's DRIVEWISE® mark.

13. Diner and Katsman developed a mobile application ("app") that, similar to Allstate's wireless product, monitored a user's driving behavior which they touted as helping to "save money on auto insurance and bring new clients to insurance companies." In 2011, Allstate met with Diner to discuss a potential business relationship. Business discussions continued through 2013.

14. In connection with those discussions, Diner signed a Non-Disclosure Agreement ("NDA") on October 19, 2011, in which he agreed to "not use the name, service marks, or trademarks of [Allstate] or any of its affiliated companies …." *See* NDA at 1-2, ¶ 5. A true and correct copy of the NDA is attached hereto as Exhibit 2.

15. Nevertheless, Diner and Katsman, after meeting with Allstate, publicly referred to their app as "drivewise.ly" -- simply adding ".ly" to Allstate's registered mark. Diner would later declare, in a sworn statement to the PTO, that the first use in commerce of "drivewise.ly" was "at least as early as October 24, 2011," just five days after signing the NDA.

16. Two months later, on December 29, 2011, Diner and Katsman incorporated a company in Delaware which they called Driveway Software Corporation ("DSC"). On or about April 6, 2012, Diner registered the website domain "drivewise.ly" on behalf of DSC.

17. During the course of their ongoing business discussions between 2011 and 2013, Allstate objected to Defendants' use of "drivewise.ly," which plainly copied Allstate's DRIVEWISE® mark. Diner and Katsman induced Allstate not to take action by continuously holding out the prospect of a business resolution and promising that their own marketing of their app would inure to Allstate's benefit. In an email to Allstate dated January 8, 2013, at 9:18 a.m., Diner went so far as to assert that "Drivewise.ly is more than just an app name, we own the trademark for it, domain, Facebook page, blog, SEO/AEO in app stores etc…." and that DSC would "offer the entire package to Allstate at our cost, and only as the part of this project."

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

18. On January 8, 2013, at 2:11 p.m., just a few hours after claiming "we own the trademark," Diner filed a federal trademark application on behalf of DSC for the "drivewise.ly" mark in the same international classes as Allstate's DRIVEWISE® mark (classes 9 and 36) for nearly identical goods and services, namely "[d]ownloadable software in the nature of a mobile application for assessment of vehicle driving skills to provide services for buying insurance" (class 9) and "[g]uiding services for estimating fit to a certain insurance program, utilizing mobile application to assess vehicle driving skills, operating in conjunction with cloud-based analytic." (class 36). A true and correct copy of DSC's trademark application is attached hereto as Exhibit 3.

19. In that application, Diner falsely represented to the PTO that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive." Diner also falsely declared that DSC had used "drivewise.ly" "at least as early as 08/12/2010," when DSC was not even incorporated until over a year later, on December 29, 2011. Diner verified these statements as true, despite the PTO's warning "that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration…." (Exh. 3).

20. On April 22, 2013, the PTO denied registration of DSC's claimed mark, citing a likelihood of confusion with Allstate's DRIVEWISE® mark. The PTO concluded that "drivewise.ly" is confusingly similar because it merely adds to Allstate's mark the ending ".ly." The PTO further found that DSC's and Allstate's goods and services were closely related and likely to travel through the same channels of trade to the same class of consumers. The PTO also stated that the purpose of the goods "is identical in that both are for evaluating drivers" and that "the fact that [DSC's] goods and services are intended to aid in the purchase of insurance further reinforces a connection with [Allstate] and their insurance underwriting services." The PTO further refused to grant registration based on a potential conflict and likelihood of confusion with

Allstate's pending application for "Drivewise" in stylized font, which had been filed on September 19, 2012, before DSC's trademark application. A true and correct copy of the PTO "Office Action" denying registration is attached hereto as Exhibit 4.

21. Following the PTO's denial in 2013, Diner and Katsman continued to negotiate in bad faith with Allstate, claiming that they were intending to enter into a partnership with Allstate and would cease using confusingly similar names in connection with any independent use of their app. Those discussions progressed to the drafting of a 2013 term sheet between DSC and Allstate, which stated that "[t]he Allstate App shall be branded exclusively with the Allstate marks" and that upon execution, DSC would cease any use of any confusingly similar names.

22. No agreement between Allstate and DSC was consummated, however. In October 2013, DSC filed a response to the PTO's rejection, offering a number of frivolous arguments that its use of "drivewise.ly" was not likely to cause consumer confusion. A true and correct copy of DSC's Response to Office Action is attached hereto as Exhibit 5.

23. The PTO again rejected DSC's position. In a suspension notice dated November 17, 2013, the PTO sustained its refusal to register "drivewise.ly" based on likely confusion with Allstate's DRIVEWISE® mark. The PTO also suspended further action based on Allstate's pending application for "Drivewise" in styled font. A true and correct copy of the PTO's Suspension Notice is attached hereto as Exhibit 6.

24. Despite these rejections and clear notice from both the PTO and Allstate that the "drivewise.ly" name is confusingly similar to Allstate's DRIVEWISE® mark, Defendants have continued to use "drivewise.ly" to compete with Allstate. Such continued use is designed to confuse consumers about the source of the "drivewise.ly" goods and services, and to suggest that they are sponsored by, affiliated with, and/or approved by Allstate. Defendants offer their "drivewise.ly" app in the same channels of commerce and to the same class of consumers as Allstate's DRIVEWISE® app. Both apps are available for free download on the Apple iTunes app store and the Google Play app store, and a search in the iTunes app store for "Drivewise" reveals only these two apps. Unless enjoined, these ongoing acts of trademark infringement will continue to cause Allstate irreparable harm.

25. Defendants' deliberate, malicious, fraudulent, and willful acts of trademark infringement make this an "exceptional" case under 15 U.S.C. § 1117(a), entitling Allstate to recover treble damages and its attorneys' fees in prosecuting this action.

**CLAIM FOR RELIEF**
**(Trademark Infringement, Lanham Act 15 U.S.C. §§ 1051 *et seq.*)**

26. Allstate repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 25 as though fully set forth herein.

27. Allstate is the owner of the federally-registered trademark DRIVEWISE® (Registration No. 3946209) which is a valid, protectable mark. Allstate filed its federal trademark application on May 26, 2010, and the PTO issued the registration on April 12, 2011. Pursuant to 15 U.S.C. § 1072, Allstate's registration provided constructive notice of the registered DRIVEWISE® mark to Defendants. Allstate's May 26, 2010 trademark application gave Allstate legal priority over any alleged subsequent use of the "drivewise.ly" name by Defendants.

28. Allstate's use of the DRIVEWISE® mark in commerce prior to Defendants' use of "drivewise.ly" in commerce established Allstate's superior, common law rights to enforce Allstate's trademark.

29. On or around October 24, 2011, despite constructive and actual knowledge of Allstate's prior rights in its DRIVEWISE® mark, Defendants began using the nearly identical word "drivewise.ly" to identify their mobile app, which they offered in the same channels in commerce and to the same class of consumers as the goods and services associated with Allstate's DRIVEWISE® mark, including Allstate's own mobile app. Defendants' commercial marketing of the "drivewise.ly" mobile app on its website, on the internet and on the Google Play and iTunes app stores, is aimed at and occurs across state lines and via the internet to consumers in all fifty states and internationally.

30. Allstate has not authorized or consented to Defendants' use of "drivewise.ly."

31. Defendants' use of "drivewise.ly" is likely to cause confusion among ordinary consumers about the source, sponsorship, affiliation and/or approval of their "drivewise.ly"

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

goods and services, by creating the false, deceiving, and/or misleading impression that such goods and services are created by Allstate, and/or are sponsored by, affiliated with or approved by Allstate and its DRIVEWISE® goods and services. Such confusingly similar use constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

32. Defendants Diner and Katsman are each directly and personally liable for the wrongful acts of trademark infringement alleged herein because, on information and belief, they each personally authorized, directed and/or participated in the acts of trademark infringement, both before and after Defendant DSC was incorporated on December 29, 2011. Alternatively and/or additionally, Diner and Katsman are each directly and personally liable for the wrongful acts of trademark infringement alleged herein because they have improperly used DSC's corporate form unjustly and in derogation of Allstate's interests.

33. As a direct and proximate cause of each of Defendants' acts as alleged herein, Allstate has suffered and will continue to suffer damages.

34. Allstate is entitled to recover Defendants' profits relating to their intentional use of "drivewise.ly," all damages sustained by Allstate, and the costs of this action. Allstate is also entitled to recover treble damages and its reasonable attorneys' fees because Defendants have been malicious, fraudulent, deliberate and willful and intended to benefit Defendants, and each of them, at Allstate's expense.

35. Defendants' wrongful conduct has caused and will continue to cause Allstate to suffer irreparable injury for which no adequate remedy at law exists. Accordingly, Allstate is entitled to an order permanently enjoining Defendants from any further use of "drivewise.ly" and from any other acts of infringement of Allstate's DRIVEWISE® mark.

### **PRAYER**

WHEREFORE, Allstate respectfully requests that the Court enter an Order:

1. Permanently enjoining Defendants and their agents, officers, representatives, employees, successors, assigns, attorneys, and all others acting for, with, by, or under authority from Defendants, or in concert or participation with Defendants, and each of them from:

a. Engaging in any and all acts of infringement of Allstate's DRIVEWISE® mark;

b. Using the word or mark "drivewise.ly" in any manner or form, in any spelling variants, alone or with other terms;

c. Performing any other acts that are likely to lead the public to believe that goods or services sold or offered for sale by Defendants are in any manner licensed, sponsored, or authorized by Allstate;

2. Requiring Defendants to recall all goods or products bearing the word "drivewise.ly" or the mark DRIVEWISE® or any similar variation thereof, which have been provided by Defendants or under their authority, to any customer;

3. That the U.S. Patent and Trademark Office, pursuant to 15 U.S.C. § 1119, deny registration of Defendants' pending U.S. Trademark Application for the "drivewise.ly" mark, Serial No. 85817917;

4. Awarding the following:

a. Disgorgement of all Defendants' profits and advantages gained from their use of the name "drivewise.ly";

b. All damages sustained by Allstate in an amount to be proven at trial;

c. Treble damages;

d. The costs of this action;

e. Reasonable attorneys' fees;

f. Pre- and Post-Judgment Interest as allowed by law;

5. Such other and further relief as the Court deems just and proper.

////
////
////
////
////
////

**DEMAND FOR JURY TRIAL**

Allstate demands a trial by jury as to all matters so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 15, 2015

Respectfully submitted:

BALLARD SPAHR LLP

By:    /s/ *Peter L. Haviland*
      Peter L. Haviland
      Scott S. Humphreys

Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY